UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:23-cv-00645-SSS-SPx | Date | July 31, 2023 |
|---|---|---|---|
| Title | *Ana Aranda v. Hyundai Motor America, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR REMAND [Dkt. 20; Dkt. 21].**

The Court is in receipt of Plaintiff's motion to remand. The motion is fully briefed [Opp. (Dkt. 22); Reply (Dkt. 23)] and was taken under submission without a hearing. The motion is **DENIED**.

Plaintiff filed the instant action in Riverside Superior Court on February 22, 2023, asserting five causes of action for violations of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, et seq. ("Song-Beverly Act"), the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. ("MMWA"), and California's Business & Professions Code. Plaintiff's claims are based on her purchase of a 2021 Hyundai Elantra from Gosch Hyundai in California. [Compl. (Dkt. 1-2)]. Defendant filed its answer, then removed the action to federal court on April 13, 2023. [Answer (Dkt. 1-5); Notice of Removal ("NOR") (Dkt. 1)].

Defendant's notice identifies federal question jurisdiction, *see* 28 U.S.C. § 1331, as its grounds for removal, and indicates that the Court would enjoy supplemental jurisdiction over Plaintiff's state law claims because they share a common nucleus of operative fact with her federal law claims. [NOR at ¶ 11, 12,

28].  Defendant makes no mention of diversity, *see* 28 U.S.C. § 1331, as an alternative basis for this Court's exercise of jurisdiction over the removed action.

On May 12, 2023, Plaintiff concurrently filed (1) a notice of voluntary dismissal of her two federal law claims [Dkt. 19] pursuant to Fed. R. Civ. P. 41(a)(1), and (2) the motion for remand now before the Court [Mot. (Dkt. 20); Amended Mot. (Dkt. 21)].  Plaintiff contends that remand is required because her dismissal of the Magnuson-Moss claims divests this Court of federal question jurisdiction.

Defendant opposes Plaintiff's motion on the grounds that her voluntary dismissal was untimely under the Federal Rules.  Although it states that it would be prejudiced by an order granting remand, Defendant nowhere explains what form this purported prejudice would take.  [Opp. at 5].

Defendant is correct to the extent that Plaintiff's dismissal was, indeed, improper.  Rule 41(a)(1) of the Federal Rules of Civil Procedure permits a plaintiff to dismiss some or all of her claims, without prejudice and without a court order, before the defendant serves its answer.  After an answer has been served, plaintiff may dismiss only after seeking leave of court.  *See* F.R.CP. 41(a)(2).

Plaintiff here sought to dismiss her federal claims after Defendant answered her complaint and did not first secure a court order permitting her to do so.  The Court therefore **STRIKES** Plaintiff's voluntary dismissal. [Dkt. 19].  As such, the operative complaint continues to include federal claims requiring the Court to maintain jurisdiction over this action.  *See Williams v. Costco Wholesale Corp.,* 471 F.3d 975, 976 (9th Cir. 2006), citing *United States v. Rubenstein*, 971 F.2d 288, 293 (9th Cir. 1992) ("where the district court is presented with a case within its original jurisdiction, it has "a 'virtually unflagging obligation' to exercise the jurisdiction conferred upon [it] by the coordinate branches of government and duly invoked by litigants.").

Plaintiff's motion is therefore **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**